**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORAD0
Judge William J. Martínez**

Civil Action No. 13-cv-03067-WJM

JESUS ANTONIO HOLGUIN BELTRAN,

    Applicant,

v.

ERICK HOLDER, JR., United States Attorney General,
JOHN KERRY, [Secretary of State],
JOHN SUTHERS, Attorney General of the State of Colorado,
JOHN LONGSHORE, Field Office Director of ICE,
CHOATE, Warden of the ICE Processing Center,
JOHN MORTON, Director of ICE in Washington, D.C., and
CORINA E. ALMEIDA, Chief Counsel for ICE

    Respondents.

## ORDER GRANTING RESPONDENTS' MOTION TO AMEND JUDGMENT

The matters before the Court are Respondent[s'] Motion to Amend Judgment (ECF No. 23) and Motion to Stay Proceedings to Enforce Judgment (ECF No. 24), both filed on January 27, 2014. For the reasons discussed below, the Court will GRANT Respondents' Motion to Amend Judgment.

### I. Procedural Background

Mr. Holgiun Beltran filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). In the Application, he claimed, *inter alia*, that he is not subject to mandatory detention under 8 U.S.C. § 1226(c). For relief, Applicant requested an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). (ECF No. 1, at 5). On January 16, 2014, this Court entered an

Order granting the Application, in part.[1]  Specifically, the Court ordered Immigration and Customs Enforcement (ICE) to provide Mr. Holguin Beltran with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2) within 14 days of the date of entry of the Order.  (ECF No. 21).[2]  Final Judgment was entered on January 23, 2014.  (ECF No. 22).

On January 27, 2014, Respondents filed a Motion to Amend Judgment, pursuant to Fed. R. Civ. P. 59(e), in which they ask the Court to (1) vacate the section of the Judgment that requires ICE to provide Applicant with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2) within 14 days of the Order's date; and (2) dismiss the Application in its entirety.  Respondents argue that Mr. Holguin Beltran's challenge to his detention without bond under § 1226 is now moot because on January 15, 2014, the Board of Immigration Appeals ("BIA") dismissed Applicant's appeal of the Immigration Judge's August 27, 2013 order of removal.  (*See* ECF No. 23-1; ECF No. 18-3, at ¶ 9).  Respondents maintain that the BIA's decision constitutes a final order of removal that shifted the statutory basis for Applicant's detention from § 1226 to § 1231(a)(2).

Respondents contend that the BIA's January 15, 2014 decision constitutes "new, previously unavailable evidence" that was made available to Respondents' counsel on January 17, 2014.  (ECF No. 23, at 2).  Counsel for Respondents represents that she was in the process of drafting a Notice of Immigration Court Action and Supplemental

---

[1] The Court denied the Application with regard to Mr. Holguin Beltran's requests that the Court declare or clarify his status as a United States national; and, enter an order preventing ICE from transferring him outside the District of Colorado.

[2] The January 16, 2014 Order was not docketed until January 21, 2014.

Response to Order to Show Cause when the Court issued its January 16, 2014 Order, which Respondents received on January 21, 2014.

## II. Legal Standards

### A. Motion for to Amend Judgment

The Motion to Amend Judgment was filed pursuant to Fed. R. Civ. P. 59(e). "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

### B. Habeas Relief

An application for *habeas corpus* pursuant to 28 U.S.C. § 2241 may only be granted if the Applicant "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### C. Mootness

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See* U.S. Const. Art. III, § 2, cl. 1; *Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks and citations omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to

exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).  If circumstances change during the pendency of the case that extinguish a party's legally cognizable interest in the action, the case is moot.  *Green v. Haskell Cnty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted); *see also Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (recognizing that a case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party.").

**III. Analysis**

Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a decision on whether the alien is to be removed from the United States ("the pre-removal period).  After entry of a final removal order and during the 90-day removal period,[3] the Attorney General's authority to detain an alien arises under 8 U.S.C. § 1231(a)(2).  *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001); *see also Morales-Fernandez v. I.N.S*., 418 F.3d 1116, 1123 (10th Cir. 2005).

The removal period for Mr. Holguin Beltran commenced on January 15, 2014, when the BIA affirmed the Immigration Judge's order of removal and the order became administratively final.  *See* 8 U.S.C. § 1231(a)(1)(B)(i);  8 U.S.C. § 1101(a)(47)(B).  On that date, the Attorney General's authority to detain Applicant shifted to 8 U.S.C. § 1231(a)(2), thereby rendering moot Applicant's claim challenging his detention under 8 U.S.C. § 1226.  *See Aguina-Arreola v. Eric Holder Jr.,* No. 13-cv-02942-RM, 2014 WL

---

[3] *See* 8 U.S.C. § 1231(a)(1) (stating that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

128559, at *2 (D. Colo. Jan. 10, 2014) ("On [the date the removal order became administratively final], the Attorney General's authority to detain Applicant shifted to 8 U.S.C. § 1231(a)(2), thereby rendering moot Applicant's claim challenging his detention under 8 U.S.C. § 1226."); *Gomez-Hermosillo v. Holder,* No. 13-cv-02865-CMA, 2013 WL 6690002, at *2 (D. Colo. Dec. 19, 2013) (same); *Novitskiy v. Holm,* No. 12-cv-00965-MSK, 2013 WL 229577, at *4 (D. Colo. Jan. 22, 2013) (same).[4]

At this time, there is no remedy the Court could issue concerning the legality of Mr. Holguin Beltran's past detention under § 1226. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). Accordingly, Mr. Holguin Beltran's claim challenging his detention without a bond hearing under 8 U.S.C. § 1226 is moot. None of the exceptions to the mootness doctrine are applicable here.[5]

---

[4] *See also De la Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) (alien's habeas petition challenging detention under 8 U.S.C. § 1226 is moot when removal period starts and detention authority shifts to 8 U.S.C. § 1231); *Ufele v. Holder*, No. 11-1648, 473 F. App'x 144, 146 (3rd Cir. March 30, 2012) (unpublished) (stating that when BIA's order became administratively final, petitioner's detention switched from § 1226 to § 1231, thereby rendering moot his claim challenging the lawfulness of his detention under § 1226); *Oyelude v. Chertoff*, No. 05-10916, 2006 WL 678670, at *1 (5th Cir. Mar. 16, 2006) (unpublished) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231 . . . .").

[5] *See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (cautioning that a federal court should not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit).

Further, any challenge to the legality of Applicant's detention under § 1231(a)(2) is premature because the removal period has not expired.  See 8 U.S.C. §1231(a)(2) (directing that the Attorney General "shall detain the alien" during the ninety-day removal period); see also Zadvydas, 533 U.S. at 701 (holding that detention under § 1231(a) lasting six months or less is presumptively reasonable and does not offend the Constitution).

## IV.  Orders

For the reasons discussed above, it is

ORDERED that Respondent[s'] Motion to Amend Judgment (ECF No. 23), filed on January 27, 2014, is GRANTED.  The Final Judgment entered on January 23, 2014 is VACATED with regard to the Order requiring ICE to provide Mr. Beltran with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2) within 14 days of entry of the January 16, 2014 Order.  It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DISMISSED without prejudice and the Final Judgment shall be amended accordingly.  It is

FURTHER ORDERED that the Motion to Stay Proceedings to Enforce Judgment (ECF No. 24), filed on January 27, 2014, is DENIED as unnecessary.

Dated this 29th day of January, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge